# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOARD OF TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

      Plaintiffs,

  v.                                  Civil Action 2:19-cv-2029
                                       Judge George C. Smith
                                       Magistrate Judge Kimberly A. Jolson

GLOBAL OUTDOOR SOLUTIONS, LLC,

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Order to Show Cause Why Certain Persons Should Not Be Held in Contempt of Court (the "Show Cause Motion") (Doc. 18). Plaintiffs filed an Application for Entry of Default Against Defendant, (Doc. 5), on July 8, 2019, and a Motion for Order Accelerating and Compelling Discovery (Doc. 8) on July 9, 2019. The Clerk entered default as to Defendant on July 9, 2019 (Doc. 7), and the Court granted Plaintiffs' Motion for Order Accelerating and Compelling Discovery in its July 10, 2019 Order (Doc. 9). Specifically, the Court ordered "that Defendant Global Outdoor Solutions, aka Fourtounis Group, through an authorized agent, appear for deposition at a date and time designated by the Plaintiffs and produce the payroll documents requested in Plaintiffs' Notice of Deposition." (*Id.* at 1).

Although the Order was served on Defendant by certified mail, Defendant failed to comply with the Court's Order by not appearing for deposition and not producing documents. (Doc. 18). Consequently, Plaintiffs filed the Show Cause Motion. In it, Plaintiffs requested that the Court enter an order "requiring Defendant and its member, Mark Fourtounis, to appear and show cause why they and each of them should not be held in contempt of the Court's February 4, 2020 order;

punished by fine, imprisonment, or both; and ordered to pay" the expenses associated with the Show Cause Motion.  (Doc. 18 at 1–2).

The Undersigned issued a Show Cause Order directing Defendant and its member, Mark Fourtounis, "to appear and show cause why they should not be held in contempt of this Court's February 4,2020 Order.  (Doc. 19 at 1).  In that Order, the Undersigned set a show cause hearing for March 17, 2020.  The Order advised that, if Defendant and Mr. Fourtounis failed to appear and show cause, "the Court may order the arrest of Mr. Fourtounis."  (*Id*. at 2).  Copies of that Order were sent to Defendant and Mr. Fourtounis by regular and certified mail.  (*See* Docket entry dated February 26, 2020).  Certified mail receipts confirm that Defendant and Mr. Fourtounis received copies of that Order.  (Doc. 20).

On March 17, 2020, the Undersigned held a show cause hearing on at 11:15 a.m.  Despite having adequate notice of that hearing, Defendant and Mr. Fourtounis did not appear.  Having failed to comply with the Court's Orders (Docs. 8, 19), the Undersigned finds that civil contempt sanctions are appropriate.

"[I]ncarceration has long been established as an appropriate sanction for civil contempt." *Singh v. Capital Univ. Law & Graduate Ctr.*, 238 F.3d 424 (6th Cir. 2000) (collecting cases).  "As used in the civil context, . . . incarceration must be conditional[.]"  (*Id.*).  Accordingly, to ensure Defendant's compliance with the Court's Orders, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion (Doc. 18) and **HOLD DEFENDANT and MARK FOURTOUNIS in CONTEMPT**.  Specifically, if Defendant does not comply with the Court's July 9, 2019 Order (Doc. 8) within **TWENTY ONE DAYS** of the adoption of this Report and Recommendation, it is **RECOMMENDED** that the Court issue a warrant for the arrest of Mark Fourtounis and imprison Mr. Fourtounis until such time as Defendant complies with the Court's July 9, 2019 Order.  The Court emphasizes that these sanctions are conditional and designed only to ensure Defendant's

compliance. Defendant, therefore, may purge itself of its contempt, and avoid the above punishment, by working with Plaintiff and its counsel to resolve this matter.

Additionally, it is **RECOMMENDED** that the Court hold Defendant liable, regardless of its future action, for Plaintiff's expenses and attorney's fees associated with its Motion for Order to Show Cause (Doc. 18), as compensation for Defendants' noncompliance.

The Clerk is **DIRECTED** to mail a copy of this Order, by regular and certified mail, to:

Mark Fourtounis
c/o Global Outdoor Solutions, LLC.
5000 Van Epps Road
Cleveland, Ohio 44131

Mark Fourtounis
c/o Global Outdoor Solutions, LLC
7151 Broadview Road
Seven Hills, Ohio 44131

The Clerk shall indicate on the docket the fact of that mailing.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 17, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE